## Commonwealth v. Case

*K. F. Ralph Rochow*, for Commonwealth.
*Fred E. Gilgore*, for defendant.

ERB, *J.*, August 16, 1978—This matter is before the court on appeal from a determination of guilt in a summary proceeding in which defendant was fined $100 and costs. Defendant was prosecuted on a complaint of the York County Earned Income Bureau, the collector of earned income taxes imposed by Codorus Township and Southern School

District under the authority of the Act of December 31, 1965, P.L. 1257, as amended, 53 P.S. §6901, for failure to file an earned income tax return for 1975.

The facts developed at the trial de novo before this court reveal that prior to 1975, defendant and his wife purchased a farm property in Codorus Township in York County, Pa.; that after extensive remodeling, his wife and children moved into the property, and have resided there ever since; that his children attend public school there; that a chicken hatchery business conducted on his property produced in excess of $24,000 gross income in 1975; that defendant continued to operate a grocery business in New Jersey, and stays in an apartment near their business approximately five days of each work week in the same location where he and his family lived prior to his wife and children moving to York County; that he stays about two days a week with his family on the farm in York County, that defendant continues to claim New Jersey as his residence on his Federal income tax returns and continues to vote in New Jersey; that vehicles are registered to defendant both in Pennsylvania and in New Jersey, but he contends that the vehicle registered in Pennsylvania is used solely for business purposes in the operation of the hatchery. Defendant testified that he intends to continue operating the business and live in New Jersey until the farm business is sufficiently developed to allow his moving here full time.

In Stabile Registration Case, 348 Pa. 587, 36 A. 2d 451 (1944), the court said, at page 590:

"The courts have never accepted the contention sometimes made that a man's legal residence is wherever he says it is or where he says he intends it to be. An individual's legal residence is a question

of fact which the state has a paramount interest in determining. A voter can vote only where his legal residence is; he can hold public office only if he resides in the political division his office serves . . . For purposes of certain kinds of taxation, particularly inheritance taxes, each state has a vital interest in the question of the legal residence of the person on whom or on whose estate the tax is to be levied. The fact of any person's residence, for any legal purpose, whether for voting, or for holding office, or for taxation, has never been determined merely by that person's 'say so.' In determining that question the state brushes aside all colorable pretences and finds the reality behind the guise."

Despite defendant's announced intention concerning residence, the facts support the determination that he resided within the taxing districts during the time in question. His immediate family had clearly moved to the area. He and his wife were not separated but maintained the marital unit. The family continued to live in York County, with its children attending school here. The family did not travel to New Jersey during defendant's business time; but he came here when he was not working. The only supportable reason he stayed in New Jersey was to manage the grocery business. There is little question that he would have stayed continuously with the family here if it were not that the distance between the farm and his business made that impractical. His situation was no different than the individual who must leave his family to work out of the state, except that defendant retained ownership of the prior family residence where he could stay during his work week. His children required the same educational service as do full time residents. His presence here during about

one-third of each week and the presence of his immediate family here full time, required the same local government service that full time residents were given. All of these circumstances support the finding that the defendant was a resident subject to the tax in question. See Com. ex rel. Fortney v. Bobrofski, 329 Pa. 44, 196 Atl. 489 (1932); Dorrance's Estate, 309 Pa. 151, 163 Atl. 303 (1932).

Defendant finally argues that only taxpayers who had net profits or income need file a final return and since there was no showing that he had either, the Commonwealth has failed to establish his guilt.

The act, in section 13-I defines: "Taxpayer" as, "[a] person . . . required . . . to file a return of earned income or net profits, or to pay a tax thereon." "Net profits" as, "The net income from the operation of a business, profession, or other activity . . . after provision for all costs and expenses incurred in the conduct thereof . . . "; and "Earned Income" as "Salaries, wages, commissions, . . . and other compensation received by a person . . . " 53 P.S. §6913.

The government, in section 13-III A, concerning the declaration and payment of tax as to net profits, requires the filing of returns by "Every taxpayer making net profits." Section 13-III-B concerning the declaration and payment of tax as to earned income, provides "At the election of the governing body every taxpayer shall . . . make and file . . . a final return . . ."

The act, then, defined a taxpayer as a person who is *either* required to file a return *or* one who is required to pay a tax. This distinction is carried over into the provision regarding net profits and earned

income. While net profits must be made before a taxpayer is required to file returns, there is no requirement that earned income be earned before a taxpayer must file a return. The only requirement the filing of returns on earned income is the election of the governing body to require such returns.

In this instance, pursuant to the authority in the act, the York County Earned Income Tax Bureau promulgated regulations which provide in article VI, sec. 601: "Every person must file a final return, even though he expects to have no earnings; stating on the final return why he expects to have no earnings, such as retired, unemployed, housewife, etc."

Whether defendant had earned income is not relevant. He is subject to the provisions of the act and under the regulations promulgated by the governing body was required to file a final return.

Since the act in section 13 IX(a) provides that "Any person who fails, neglects, or refuses to make any declaration or return required by the ordinance or resolution . . . ", is guilty of a summary offense, we enter the following

## ORDER

And now August 16, 1978, having heard the appeal of defendant from a conviction before a magistrate, de novo, we find defendant guilty as charged. He is directed to pay a fine in the sum of $100 and the costs of prosecution within 20 days of the date of this order.